***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 24, affirmed September 7, petition for review denied
November 17, 2023 (371 Or 535)

In the Matter of L. J. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

L. J. C,
*Respondent,*

*v.*

H. B. L. H.,
*Appellant.*

Linn County Circuit Court
21JU03922; A180517 (Control)

In the Matter of P. R. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent*,
*and*

P. R. C.,
*Respondent*,

*v.*

H. B. L. H.,
*Appellant.*

Linn County Circuit Court
21JU03924; A180518

In the Matter of A. C.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. C.,
*Respondent,*

*v.*

H. B. L. H.,
*Appellant.*

Linn County Circuit Court
21JU03926; A180519

Michael B. Wynhausen, Judge.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for Appellant.

Kristen G. Williams filed the brief for respondents L. J. C., P. R. C., and A. C.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erica L. Herb, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and Armstrong, Senior Judge.

MOONEY, P. J.

Affirmed.

**MOONEY, J.**

In this consolidated case, mother appeals from the judgments terminating her parental rights to her three children. The juvenile court concluded that mother was unfit by reason of a condition seriously detrimental to the children, and that integration of the children into mother's home was improbable within a reasonable time due to conduct or condition not likely to change. ORS 419B.504. The court found that mother's substance abuse substantially impaired her ability to parent; mother failed to obtain and maintain a suitable or stable living situation to make return of the children to her possible; mother failed to present a viable plan for the return of the children to her care and custody; mother failed to learn parenting and/or housekeeping skills sufficient to provide a safe and stable home for the children; mother failed to protect the children from physical and sexual abuse; mother physically and emotionally neglected the children; mother demonstrated a lack of effort to adjust her circumstances, conduct, or condition to make return of the children possible; and mother failed to effect a lasting adjustment for such extended duration of time that it appeared reasonable that no lasting adjustment could be effected. The court also found that termination of parental rights was in the best interests of the children. ORS 419B.500. Mother challenges the juvenile court's finding that she is unfit.

We have reviewed the record *de novo*. ORS 19.415(3). On *de novo* review, having examined the evidence in the record, we agree with the juvenile court, and make the same findings by clear and convincing evidence. ORS 419B.521(1); *Dept. of Human Services v. T. M. D.*, 365 Or 143, 158, 442 P3d 1100 (2019). We agree with the juvenile court that mother's circumstances are seriously detrimental to the children, and that her circumstances are not likely to change, making integration of the children into her home improbable within a reasonable time. The evidence in the record persuades us that it is in the children's best interests to terminate mother's parental rights and free the children for adoption.

Affirmed.